**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

CARL TRAMANE MAGEE,

      Petitioner,

v.                                    Case No. 2:22-cv-00103

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

      Respondent.

## <u>ORDER</u>

This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and Petitioner's Motion for Protective Stay Pending State Court Exhaustion and Motion for Leave to File Amended Petition Once State Court Exhaustion is Complete (ECF No. 4).

### A.      Known procedural history of Petitioner's case.

As evident from his petition, on March 20, 2019, Petitioner was convicted by a jury in the Circuit Court of Kanawha County of one count of murder and one count of breaking and entering.  (*State v. Carl Tramane Magee*, Case No. 17-F-634).  On May 24, 2019, Petitioner was sentenced to serve a term of life without mercy on the murder count and a consecutive sentence of 1-15 years on the breaking and entering conviction.

Petitioner's judgment was affirmed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on July 30, 2020.  *State v. Magee*, Case No. 19-0575, (W. Va. July 30, 2020).  Petitioner's appeal asserted the following grounds:

(1)    The Circuit Court exceeded its statutory authority by ordering that a second evaluation of the Petitioner's competency to stand trial be conducted during Petitioner's incarceration at the Regional Jail in violation of the statutory requirement that further custodial evaluation, if any, be conducted during the observation period at a mental health facility.  The Petitioner was prejudiced thereby because the additional evaluation was influenced by observations and opinions of jail employees, rather than by the appropriate staff at a mental health facility.

(2)    The Circuit Court erroneously permitted a police officer to testify to psychiatric opinions regarding criminal responsibility, in violation of Rule 701 and 702 of the Rules of Evidence.

(3)    During jury deliberations in the mercy phase of the Petitioner's bifurcated murder trial, the Circuit Court erroneously instructed the jury to continue deliberations until the jury reaches a unanimous verdict, without including the mandatory safeguard that the jury should reach a unanimous verdict only if they can do so without surrendering or sacrificing their conscientious scruples.  In the absence of an objection, this instruction constitutes plain error.

(ECF No. 1 at 2).  A Mandate issued on October 2, 2020.  (*Id.*)  Petitioner states that he did not seek a writ of certiorari in the United States Supreme Court.  (*Id.* at 3).  Thus, his judgment became final on or about November 30, 2020, when the period for seeking certiorari expired.  *Gonzalez v. Thaler*, 565 U.S. 134 (2012); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("judgment becomes final when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires.")

Petitioner took no further action until February 2, 2022, when he filed a Petition for a Writ of Habeas Corpus under W. Va. Code § 53-4A-1 in the Circuit Court of Kanawha County, which was assigned Case No. 22-P-47.  (ECF No. 1, Ex. 1).  From the exhibit

attached to his present § 2254 petition, it appears that Petitioner has asserted the following grounds for relief in his state habeas petition:

A.   <u>Defective indictment</u>:   Petitioner's alleged criminal case was presented to a Grand Jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue an indictment, thereby charging the Petitioner.  Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the statutorily mandated endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor.  Only with these elements could a valid "True Bill" indictment be established.  This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such.  (*See Hab. Exhibit # 1*).

B.   <u>Conviction obtained by the unconstitutional suppression of, or failure of the prosecution to disclose to the defendant evidence favorable to the defendant</u>:        In the present matter, the state, i.e., the prosecution, was well aware that they had not obtained a "True Bill" indictment, and they were also fully aware that the prosecution had not attested (signed) any valid "True Bill" indictment against the Petitioner.  Having this knowledge, they continued a charade as though they had factually obtained a valid "True Bill" indictment and did act to withhold the fact that no "True Bill" had been issued against the Petitioner from him and his counsel of record, thus suppressing this evidence which would have been of benefit to the Petitioner.  (*See Hab. Exhibit # 1*).

C.   <u>The Circuit Court committed plain error in not fully and properly informing Petitioner of his post-sentencing rights and obligations</u>: The Circuit Court committed plain error in not informing Petitioner of his rights and obligations to (1) file a Motion for Reduction of Sentence within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeals affirming the denial of Petitioner's direct appeal and (2) the one year time limit to file a Federal Habeas under 28 U.S.C. § 2254, to protect his AEDPA right to continue to Federal jurisdiction.  This failure of the Court created a condition which greatly contributed to the Petitioner's delay in furthering any challenges to actions in his case.

D.   <u>Ineffective assistance of trial counsel</u>:   Trial counsel was ineffective by failing to protect the record and object to the actions taken by the trial judge when during jury deliberations in the mercy phase of the bifurcated trial, the Circuit Court instructed the jury to continue deliberations until the jury reached a unanimous verdict,

without regard to the mandatory safeguards that the jury would reach a unanimous verdict only if they can do so without surrendering or sacrificing their conscientious scruples.

E. Ineffective assistance of trial counsel: Trial counsel was ineffective for failing to assure that the Petitioner was fully and properly informed of his rights and obligations to (1) file a Motion for Reduction of Sentence within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeals affirming the denial of Petitioner's direct appeal and (2) the one year time limit to file a Federal Habeas under 28 U.S.C. § 2254, to protect his AEDPA right to continue to Federal jurisdiction. This failure by the Petitioner's counsel created a condition which greatly contributed to the Petitioner's delay in furthering any challenges to actions in his case.

F. Ineffective assistance of trial counsel: Trial counsel was ineffective for failing to object to the use of a defective indictment and invalid indictment to bring the Petitioner to trial, and protect the rights of the Petitioner to only be brought to trial under a valid "True Bill" indictment. Petitioner's alleged criminal case was presented to a Grand Jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue an indictment, thereby charging the Petitioner. Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the statutorily mandated endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor. Only with these elements could a valid "True Bill" indictment be established. This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such. (*See Hab. Exhibit # 1*).

G. Ineffective assistance of appellate counsel: Appellate counsel was ineffective for failing to raise the issues on appeal of the trial counsel's failure to object to the use of a defective and invalid indictment to bring the Petitioner to trial and failing to protect the rights of the Petitioner to only be brought to trial under a valid "True Bill" indictment. Petitioner's alleged criminal case was presented to a Grand Jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue an indictment, thereby charging the Petitioner. Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the statutorily mandated endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor. Only with these elements could a valid "True Bill"

indictment be established.  This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such.  (*See Hab. Exhibit # 1*).

H.    Ineffective assistance of appellate counsel:  Appellate counsel was ineffective for failing to raise the issue on appeal that Petitioner was not fully and properly informed of  his rights and obligations to (1) file a Motion for Reduction of Sentence within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeals affirming the denial of Petitioner's direct appeal and (2) the one year time limit to file a Federal Habeas under 28 U.S.C. § 2254, to protect his AEDPA right to continue to Federal jurisdiction.  This failure by the Petitioner's counsel created a condition which greatly contributed to the Petitioner's delay in furthering any challenges to actions in his case and further the Petitioner full and adequate review of this issue by the Appeals Court.

I.    Reservation of rights:  Petitioner reserves the right to raise any and all other grounds for relief in this matter through discovery or expanding the record.  Lastly Petitioner object to the waiver of any of his pro se grounds.

(ECF No. 1, Ex. 1) (cleaned up).

Then, on February 28, 2022, Petitioner filed the instant Petition for a Writ of Habeas Corpus in this federal court, asserting the exact same claims.  (ECF No. 1).  He also filed the pending Motion for Protective Stay Pending Exhaustion of State Court Remedies and Motion for Leave to File Amended Petition Once State Court Exhaustion is Complete (ECF No. 4).   Those matters are before the undersigned for initial consideration.

### B.    Applicable statutes and case law.

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Furthermore, section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition

should be dismissed.  *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV.  *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997).

The United State Supreme Court addressed the issue of staying § 2254 proceedings in *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The Court granted certiorari to resolve a circuit split and held that a district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state court, but only in limited circumstances.  The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

A stay and abeyance would generally not be appropriate where a § 2254 petition is filed after the statute of limitations has already expired.  Nonetheless, the Supreme Court has recognized that a petitioner may be entitled to "equitable tolling" of the statute of

limitations if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Booker v. Clarke*, No. 3:21-cv-212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" demonstrating both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Thus, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929-30 (10th Cir. 2008) (emphasis added).

## C. Discussion.

An initial review of Petitioner's § 2254 petition suggests that the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) may have already expired when Petitioner filed his § 2254 petition and, thus, a stay and abeyance may not be warranted under the law.[1] However, if the petition is untimely, Petitioner's arguments made in his motion for stay and abeyance may implicate the doctrine of equitable tolling and the undersigned finds that the best course of action is to order Respondent to respond to the petition and address those arguments.

A Notice of Filing and copy of the petition documents were previously provided to Respondent and the West Virginia Attorney General's Office, who has noticed an appearance as counsel of record for Respondent herein. (ECF No. 3). Accordingly, it is hereby **ORDERED** that, on or before **November 1, 2022**, Respondent, by counsel, shall file a response addressing Respondent's position concerning the timeliness of

---

[1] Nor is it apparent from the § 2254 petition that any of the other subsections of 28 U.S.C. § 2244(d)(1) would be applicable.

Petitioner's § 2254 petition and the cognizability and exhaustion of each of the claims raised therein.  Respondent shall further address, as necessary, Petitioner's grounds for a stay and abeyance and/or equitable tolling of the statute of limitations based upon the arguments made in the § 2254 petition and Petitioner's motion for protective stay (ECF No. 4).  It is further **ORDERED** that Petitioner may file a reply by **December 1, 2022**.

Because it is premature to rule on the motion for stay or for leave to file an amended petition at this juncture, it is hereby **ORDERED** that Petitioner's Motion for Protective Stay Pending State Court Exhaustion and Motion for Leave to File Amended Petition Once State Court Exhaustion is Complete (ECF No. 4) are **DENIED WITHOUT PREJUDICE**.  The undersigned will revisit these issues once the matter is fully briefed.

The Clerk is directed to mail a copy of this Order to Petitioner and to transmit a copy to counsel of record.

ENTER:     August 26, 2022

Dwane L. Tinsley
United States Magistrate Judge