## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

CARL TREMANE MAGEE,

      Petitioner,

v.                                                    Case No. 2:22-cv-00103

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and Respondent's Motion to Dismiss § 2254 Petition (ECF No. 10). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

### A.    The petitioner's criminal conviction and direct appeal.

On March 8, 2019, Petitioner was convicted of Felony Murder by Arson and Burglary by Breaking and Entering, following a three-day bifurcated jury trial in the Circuit Court of Kanawha County, West Virginia. *State v. Magee*, No. 17-F-634. (ECF No. 1; ECF No. 10, Ex. 2). In the sentencing phase, the jury did not recommend mercy. On May 10, 2019, Petitioner was sentenced to life without mercy on the murder charge and a consecutive indeterminate term of 1-15 years on the burglary charge. (ECF No. 10,

Ex. 3).[1]   During his Circuit Court proceedings, Petitioner was represented by attorneys Richard E. Holicker ("Holicker") and David M. Anderson ("Anderson").

Following his sentencing, Petitioner, by new counsel, George Castelle, Senior Counsel, Kanawha County Public Defender's Office, filed a direct appeal in the Supreme Court of Appeals of West Virginia ("SCAWV") in which he raised the following assignments of error:

> 1.      The circuit court exceeded its statutory authority by ordering that a second evaluation of the Petitioner's competency to stand trial be conducted during further incarceration at the regional jail, in violation of the statutory requirement that further custodial evaluation, if any, be conducted during an observation period at a mental health facility. The Petitioner was prejudiced thereby because the additional evaluation was heavily influenced by observations and opinions of jail employees, rather than by the appropriate staff at a mental health facility.
>
> 2.      The circuit court erroneously permitted a police officer to testify to psychiatric opinions regarding criminal responsibility, in violation of Rule 701 and 702 of the Rules of Evidence.
>
> 3.      During jury deliberations in the mercy phase of the Petitioner's bifurcated murder trial, the circuit court erroneously instructed the jury to continue deliberations until the jury reaches a unanimous verdict, without including the mandatory safeguard that the jury should reach a unanimous verdict only if they can do so without surrendering or sacrificing their conscientious scruples. In the absence of an objection, this instruction constitutes plain error.

(ECF No. 10, Ex. 4).   Following full briefing, on July 30, 2020, the SCAWV affirmed Petitioner's convictions. (*Id.*, Ex. 7; *State v. Magee*, No. 19-0575, 2020 WL 4355717 (W.Va. July 30, 2020)).   Petitioner did not file a petition for writ of certiorari to the Supreme Court of the United States, so his judgment became final on October 30, 2020.

---

[1]  When citing to documents docketed in this Court's record, the undersigned will use the document number and pagination found at the top of each page of the documents as docketed in the Court's Electronic Case Filing ("ECF") system and will cite the same as "ECF No. ____, Ex. ____ at ____").   Thus, the cited pagination may not match the original pagination contained in the document itself.

**B.    Circuit Court habeas corpus petition (Case No. 22-P-47) and appeal therefrom (Case No. 22-0514).**

On February 7, 2022, Petitioner filed a pro se Petition for Writ of Habeas Corpus in the Circuit Court of Kanawha County (Case No. 22-P-47), raising the following grounds for relief:

1.    Defective indictment: Petitioner's alleged criminal case was presented to a grand jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue[ ] an indictment, thereby charging the Petitioner.    Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the statutorily mandatory endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor. Only with these elements could a valid "True Bill" indictment be established.    This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such.

2.    Conviction obtained by the unconstitutional suppression of, or failure of the prosecution to disclose to the defendant evidence favorable to the defendant:    In the present matter, the state, *i.e.* the prosecution, was well aware that they had not obtained a valid "True Bill" indictment, and they were also fully aware that the prosecution had not attested (signed) any valid "True Bill" indictment against the Petitioner.    Having this knowledge, they continued a charade as though they had factually obtained a valid "True Bill" indictment, and did act to withhold the fact that no "True Bill" had been issued against the Petitioner from him had his counsel of record, thus suppressing this evidence which would be of benefit to the Petitioner.

3.    The circuit court committed plain error in not fully and properly informing the Petitioner of his post sentencing rights and obligations:    The circuit court committed plain error in not informing Petitioner of his rights and obligations to (1) File a Motion for Reduction of Sentence within 120 days from the date of Petitioner[']s sentence, or within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeal, affirming the denial of Petitioner[']s direct appeal, and (2) the one year time limit to file a federal habeas under 28 U.S.C. §2254, to protect his AEDPA right to continue to federal jurisdiction. This failure of the Court created a condition which greatly contributed to the Petitioner's delay in furthering any challenges to the actions in his case.

4.      Ineffective assistance of trial counsel:   Trial counsel was ineffective for failing to protect the record and object to the actions taken by the trial judge when during jury deliberations in the mercy phase of the bifurcated trial, the circuit court instructed the jury to continue deliberations until the jury reaches a unanimous verdict, without regard to the mandatory safeguards that the jury would reach a unanimous verdict only if they can do so without surrendering or sacrificing their conscientious scruples.

5.      Ineffective assistance of trial counsel:   Trial counsel was ineffective for failing to assure that the Petitioner was fully and properly informed of his rights and obligation with respect to (1) Filing a motion for reduction of sentence within 120 days from the date of Petitioner[']s sentence, or within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeal, affirming the denial of Petitioner[']s direct appeal, and (2) the one year time limit to file a federal habeas under 28 U.S.C. § 2254, to protect his AEDPA right to continue to federal jurisdiction.   This failure by the Petitioner's counsel of record created a condition which greatly contributed to the Petitioner delay in furthering any challenges to the actions in his case.

6.      Ineffective assistance of trial counsel:   Trial counsel was ineffective for failing to object to the use of a defective and valid indictment to bring the Petitioner to trial, and protect the rights of the Petitioner to only be brought to trial under a valid "True Bill" indictment.   Petitioner's alleged criminal case was presented to a grand jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue[ ] an indictment, thereby charging the Petitioner.   Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the statutorily mandatory endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor.   Only with these elements could a valid "true Bill" indictment be established.   This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such.

7.      Ineffective assistance of appeal counsel:   Appe[llate] counsel was ineffective for failing to raise the issues on appeal of the trial counsel's failure to object to the use of a defective and invalid indictment to bring the Petitioner to trial, and failing to protect the rights of the Petitioner to only be brought to trial under a valid "True Bill" indictment. Petitioner's alleged criminal case was presented to a grand jury in Kanawha County, West Virginia, in September 2017, and allegedly upon hearing all allegations and testimony against the Petitioner, this body allegedly voted to issue[ ] an indictment, thereby charging the Petitioner.   Thereafter, the alleged indictment was supposedly made a "True Bill," which would require the

statutorily mandatory endorsements of the "Grand Jury Foreperson" upon the face of the document, as well as the attestation and signature of the Prosecutor.   Only with these elements could a valid "true Bill" indictment be established.   This was not done, and the Petitioner was brought to trial without a valid indictment being issued to permit such.

8.    Ineffective assistance of appeal counsel:  Appe[llate] counsel was ineffective for failing to raise the issue on appeal that Petitioner was not fully and properly informed of his rights and obligation by the Court or his trial counsel with respect to (1) filing a motion for reduction of sentence within 120 days f[ro]m the date of Petitioner[']s sentence, or within 120 days of the issuance of a mandate from the West Virginia Supreme Court of Appeal, affirming the denial of Petitioner[']s direct appeal, and (2) the one year time limit to file a federal habeas under 28 U.S.C. § 2254, to protect his AEDPA right to continue to federal jurisdiction.   This failure by the Petitioner's appe[llate] counsel of record created a condition which greatly contributed to the Petitioner delay in furthering any challenges to the actions in his case and further denied the Petitioner full and adequate review of this issue by the Appeals Court.

(ECF No. 10, Ex. 9 at 4-6).   By Order entered June 21, 2022, the Circuit Court of Kanawha County denied Petitioner's requested habeas relief. (*Id.*, Ex. 10.)

On July 28, 2022, Petitioner appealed the circuit court's denial of his habeas corpus petition to the SCAWV, alleging a single assignment of error:   "The circuit court committed legal error when i[t] denied Petitioner[']s habeas without holding a hea[r]ing or appointing counsel to evaluate the Petitioner[']s case and bring any appropriate and relevant grounds."   *Magee v. Ames*, No. 22-0514. (*Id.*, Ex. 11 at 11).   By Scheduling Order entered September 2, 2022, the SCAWV directed Petitioner "to submit a motion showing good cause for the untimely filing of the notice of appeal on or before September 19, 2022, or the appeal will be dismissed." (*Id.*, Ex. 12 at 1).[2]   At the time of this writing, the habeas appeal is still pending.

---

2    Petitioner's reply brief indicates that the SCAWV excused the untimely filing of his notice of appeal. (ECF No. 16 at 1).

**C.    Instant section 2254 petition and motion to dismiss.**

On February 28, 2022, Petitioner filed the instant petition under 28 U.S.C. § 2254, asserting the following grounds for relief:    (1) "defective indictment;" (2) "conviction obtained by the unconstitutional suppression of, or failure of the prosecution to disclose to the defendant evidence favorable to the defendant;" (3) "the circuit court committed plain error in not fully and properly informing the Petitioner of his post sentencing rights and obligations;" (4) "ineffective assistance of trial counsel" in failing to object during the mercy phase of the trial; (5) "ineffective assistance of trial counsel" in failing to advise Petitioner of timelines to seek a reduction of sentence and file a federal habeas petition; (6) "ineffective assistance of trial counsel" in "failing to object to the use of a defective and invalid indictment;" (7) "ineffective assistance of appeal counsel" in failing to raise certain issues in Petitioner's habeas petition; and (8) "ineffective assistance of appeal counsel" in failing to raise in his habeas petition that Petitioner was not advised of the times in which to seek a reduction of sentence or file a federal habeas petition.    (ECF No. 1 at 9-13).

On February 28, 2022, Petitioner also filed a Motion for Protective Stay Pending State Court Exhaustion (ECF No. 4).    By way of that motion, Petitioner asserts that neither his trial counsel nor the trial court advised him of the one-year limitation period in which to file a federal habeas petition.    (*Id.* at 1).    He further contends that "he took the actions to repeatedly make request[s] to be allowed access to the facility law library to attempt to work on his criminal case" but was denied such access because "the South Western Regional Jail facility was under severe restricted movement policies due to the COVID-19 pandemic, which lasted well over a year."    (*Id.*)    Thus, Petitioner alleges he was denied "meaningful" access to the law library to conduct legal research while the

"AEDPA state time clock has been ticking away." (*Id.*)   Petitioner was subsequently transferred to the Mount Olive Correctional Complex ("MOCC") where he claims that an inmate legal aide advised him of the one-year limitation period and the requirement that he exhaust his state remedies. (*Id.* at 3).   Petitioner asserts that this is "good cause" to stay his federal habeas proceedings to allow him to fully exhaust his state remedies.

Petitioner also seeks leave to file an amended § 2254 petition after he has exhausted his state remedies.   (*Id.* at 4).   He asserts that he "is actively pursuing the exhaustion of his state court remedies, and has recently filed his State Habeas Petition Form with the proper Circuit Court and jurisdiction."   (*Id.* at 5).   Petitioner further asserts that "Respondent surely would not suffer prejudice, the amendment is not being sought in bad faith, and lastly the amendment clearly is not futile because the state Court has not yet acted on Petitioners state court filings."   (*Id.* at 5).

On November 1, 2022, Respondent filed the instant Motion to Dismiss (ECF No. 10), asserting that Petitioner's § 2254 petition is untimely and there is no basis to equitably toll the statute of limitations concerning any of his claims for relief.   On February 6, 2023, Petitioner responded to the motion to dismiss.   (ECF No. 16). Respondent did not file a reply brief.   These matters are now ripe for resolution.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ["AEDPA"], effective April 24, 1996, provides federal habeas relief to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   28 U.S.C. § 2244(d)(1) prescribes a one-year period of limitation governing the filing of § 2254 habeas petitions that runs from the

latest of one of four specified events:   (A) the date on which the judgment became final, by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.   28 U.S.C. § 2244(d)(1); *see also Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009).[3]

For the reasons addressed below, Petitioner's petition was not timely filed.   To the extent that Petitioner claims that the untimely filing of his petition is excused by tolling principles, those arguments are without merit, and, thus, the petition should be dismissed as being untimely pursuant to 28 U.S.C. § 2244(d)(1).

## A.    The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

The first critical date used to determine the timeliness of Petitioner's petition is the date his judgment became final, by the conclusion of direct review, or the expiration of the time for seeking such review.   28 U.S.C. § 2244(d)(1)(A).   "A judgment becomes final: (1) when the opportunity to appeal the [trial] court's judgment expires; (2) when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction; or (3) when the Supreme Court of the United States denies

---

3   In the present proceedings, Petitioner has not alleged circumstances that would implicate subsections (B), (C), or (D).   Thus, the undersigned will only address the application of subsection (A) herein.

certiorari." *Riley v. Vest*, No. 5:17-cv-02367, 2018 WL 616160, at *3 (S.D. W. Va. Jan. 5, 2018), *report and recommendation adopted,* 2018 WL 606208 (S.D. W. Va. Jan. 29, 2018) (internal quotations and citations omitted).    Here, the SCAWV affirmed Petitioner's convictions on July 30, 2020.    *State v. Magee*, No. 19-0575, 2020 WL 4355717 (W.Va. July 30, 2020).    Petitioner did not petition for certiorari in the United States Supreme Court.    Thus, his one-year limitation period under subsection (A) commenced on or about October 30, 2020 (90 days after the affirmance of his judgment by the SCAWV on July 30, 2020).    *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).[4]    Therefore, Petitioner was required to file a § 2254 petition on or before October 30, 2021, which he did not do.

The one-year statute of limitations is, however, subject to certain exceptions and tolling doctrines.    *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases").    The statute itself expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."    28 U.S.C. § 2244(d)(2); *see also Holland*, 560 U.S. at 661 (noting that § 2244(d) "expressly tolls the limitations period during the pendency of a properly filed application for state collateral relief.") (Scalia, J., dissenting, in part).    Petitioner, however, did not file a state petition for post-conviction relief until February 7, 2022, nearly 16 months after his

---

4  Petitioner's reply incorrectly asserts that the 90-day period for seeking certiorari ran from the date the mandate affirming his conviction was issued by the SCAWV.  The 90-day period for seeking certiorari begins to run from the date that the SCAWV's decision, not the mandate, is issued.  *See* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to ne reviewed, and not from the issuance of the mandate (or the equivalent under local practice.")

judgment became final.    Accordingly, there was no tolling event under § 2244(d)(2) and the statute of limitations under § 2244(d)(1)(A) expired on October 30, 2021.    Thus, Petitioner's February 28, 2022 § 2254 petition is clearly untimely under § 2244(d)(1)(A).

### B.    There is no basis for equitable tolling of the statute of limitations.

Because Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), his petition may only be considered if this federal court concludes that "equitable tolling" of the statute of limitations is warranted.    *Holland*, 560 U.S. at 649.    The United States Supreme Court has concluded that a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."    *Id*. (citation omitted).    The diligence required for equitable tolling does not have to be maximum feasible diligence, but it must be reasonable.    *Id*. at 653.    "[I]n every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court."    *Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020); *see also Sholes v. Cates*, No. 1:2-cv-01006-DAD-HBK, 2021 WL 5567381, at *4 (E.D. Cal. Nov. 29, 2021), *report and recommendation adopted*, 2022 WL 4072862 (E.D. Cal. Sept. 2, 2022).

As noted by Respondent's Memorandum of Law, the Fourth Circuit has emphasized that the equitable tolling exception should be exercised sparingly and that the circumstances warranting the same are narrow and "rare."    (ECF No. 11 at 10).

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.    To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and

subjective notions of fair accommodation.    We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Welch v. Nelson*, No. 5:21-cv-00767-MGL-KDW, 2022 WL 2068769, *4-5 (D.S.C. Apr. 29, 2022).   An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test.   *Booker v. Clarke*, No. 3:21-cv-212 (DJN), 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022).

Petitioner has essentially asserted two bases for equitable tolling herein: first, that he was not informed of the applicable statute of limitations and timeframes for post-conviction relief and, second, that COVID-19 pandemic related restrictions limited his ability to sufficiently access a law library to conduct legal research at his prison facilities. The undersigned will discuss each basis in turn.

1.   Ignorance of statute of limitations.

Petitioner first attempts to excuse his untimely petition by claiming his ignorance of the AEDPA statute of limitations and further makes a blanket assertion that neither his counsel nor the court advised him thereof.   (ECF No. 4 at 1).   However, as noted by Respondent, the Fourth Circuit has specifically held that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Kesterson v. Ballard*, No. 2:08-cv-00903, 2009 WL 1288865 (S.D. W.Va. May 8, 2009) (finding petitioner's argument that he was unaware of the one-year statute of limitations for filing § 2254 petition did

not constitute extraordinary circumstances beyond his control to justify equitable tolling); *White v. Haines*, No. 2:05-cv-7, 2008 WL 559654, at *1, 4 (S.D. W.Va. Feb. 29, 2008) ("the petitioner's ignorance of the law and 8th grade education does not toll the statute of limitations.").

Moreover, beyond a direct appeal, there is no obligation of the court or counsel to advise a criminal defendant of any post-conviction remedy requirements or timelines, including the AEDPA statute of limitations.  *See Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2000) (declining to grant equitable tolling where state court counsel provided inaccurate advice about the federal filing date on the ground that the petitioner had no right to the advice and it could not have been constitutionally ineffective); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (lack of knowledge of applicable filing deadlines is not a basis for equitable tolling of statute of limitations); *Bohanan v. Moore*, No. 2:15-cv-2973, 2016 WL 7034239, at *2 (S.D. Ohio Dec. 2, 2016), *report and recommendation adopted*, 2017 WL 128522 (S.D. Ohio Jan. 12, 2017) (counsel has no duty to advise Petitioner about his obligation to file a federal habeas corpus action within one year of the date that the state court conviction became final).  Because a prisoner has no right to counsel during post-conviction proceedings, there is no obligation to give effective legal advice concerning such proceedings and "pro se petitioners are expected to comply with AEDPA's statute of limitations."  *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012); *see also Ross v. Verano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (stating that the "fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence'

inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."); *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (holding that lower court abused its discretion in determining that "incorrect legal advice" entitled petitioner to equitable tolling); *Doe v. Menefee*, 391 F.3d 147 175 (2d Cir. 2004) (recognizing that "retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition.").   Therefore, Petitioner's assertions that his counsel and the Circuit Court did not inform him about the AEDPA statute of limitations, and that he was otherwise unaware thereof, does not entitle him to equitable tolling of the one-year limitation period for filing a federal habeas corpus petition.

      2.   COVID-19 pandemic and denial of meaningful access to law library.

Petitioner further asserts that restricted access to a sufficient law library affected his ability to timely file a habeas corpus petition.   He maintains that his repeated requests for access to the law library at the SWRJ were denied due to COVID-19 pandemic related restrictions, "which lasted well over a year."   (ECF No. 4 at 2).   He further claims that, even when access to the law library was granted, it was severely limited by the number of inmates needing such access and continued library capacity restrictions.   (*Id.*) Petitioner specifically asserts that, because of these restrictions, he was unable to conduct any meaningful legal research and was ultimately granted only one day of access to the law library for a period of "approximately 2 hours."   (*Id.*)

It is unclear from the parties' filings when Petitioner was transferred from the SWRJ to MOCC.   Nonetheless, Petitioner states that MOCC was also under severe operational restrictions due to the COVID-19 pandemic, including limited access to the

law library.    (*Id.* at 2-3).    He suggests that, although law library legal aides were permitted to start working with other inmates, such physical restrictions from the law library and access to other supplies continued in some capacity through February of 2022. (*Id.* at 3).

Respondent's motion to dismiss argues that Petitioner was not completely denied access to the law library and that numerous courts have found that limited access to a law library does not constitute extraordinary circumstances to support equitable tolling. *See, e.g., Johnson v. Waid*, No. 5:07-cv-139, 2009 WL 514211, at *3 (N.D. W. Va. Mar. 2, 2009) (finding that time limits of one hour per day in the law library and frequent functional failures of the computers did not constitute extraordinary circumstances beyond the petitioner's control to warrant equitable tolling); *Tucer v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding that "a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (finding that a 15-day holiday closure of the law library did not constitute extraordinary circumstances to warrant equitable tolling).    (ECF No. 11 at 12).

Petitioner, however, asserts that his access to the law library was much more limited than that suggested by Respondent. (ECF No. 16 at 2).    His reply further contends that the Circuit Court's Final Order Denying Petition for Writ of Habeas Corpus incorrectly stated that his statute of limitations for filing a federal habeas corpus petition had not yet begun to run when, in fact, it had already expired.    (*Id.* at 3-4).[5]    Finally, while seemingly acknowledging that there is no requirement for counsel or the court to

---

5  This misstatement is of no moment, however, as Petitioner's statute of limitations had already expired, and Petitioner had already filed his § 2254 petition at the time this misstatement was made.    Thus, it could not have affected Petitioner's decision making with respect to when to file a § 2254 petition.

advise a criminal defendant of the deadlines for filing a Rule 35 motion or a habeas corpus petition, Petitioner argues that it would be unfair to prohibit review of his petition under the circumstances presented.   His reply asserts that the COVID-19 restrictions were largely put in place by the courts and government agencies and officials, who were at least aware of the effects such restrictions would have on incarcerated individuals' abilities to exhaust their post-conviction remedies.   (ECF No. 16 at 4-6).   His reply further states:

> It would be improper to knowingly permit, or cause a set of conditions, restrictions, or operational impediments be put in place, all of which were external to Petitioner, and were out of his control, and then do absolutely nothing while permitting Petitioner to be prejudiced by the very same set of conditions, mandates, or operational impediments restricting Petitioner from any avenue of exhaustion.   Given the introduction of COVID the time period over the recent years has been far from normal.

(*Id*. at 5).   Petitioner reiterates his contention that he had access to the law library at the SWRJ on two occasions for a total of approximately two hours.   (*Id*. at 6).

However, numerous courts that have addressed the issue have determined that, although the COVID-19 pandemic did create unusual circumstances, it did not "automatically warrant equitable tolling for any petitioner who seeks it on that basis." *See Olsen v. United States*, No. 20-cv-166-BLW, 2021 WL 329462, at *3 (D. Idaho Feb. 1, 2021); *see also United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020).   To meet the requirements of equitable tolling, Petitioner is required to "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d. 925, 930 (10th Cir. 2008) (emphasis added); *see also Welch v. Nelson*, No. 5:21-cv-767-MGL-KDW, 2022 WL 2068769, at *5 (D.S.C. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 2067883 (D.S.C. June 8, 2022).   Thus, Petitioner's blanket assertion that the COVID-19 pandemic limited his

ability to access the law library, standing alone, fails to establish extraordinary circumstances.   As Petitioner has failed to point to any specific action he took to proactively protect his rights, beyond asking for law library access, he has not demonstrated that he is entitled to equitable tolling.   *See Booker v. Clarke*, No. 3:21-cv-212 (DJN), 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022) (explaining routine aspects of prison life, such as "restricted access to the law library . . . do not qualify as extraordinary circumstances."); *United States v. Harris*, No. 3:15-cr-170 (DJN), 2021 WL 1823109, at *5 (E.D. Va. May 6, 2021) (finding that generic claims about COVID-19 restrictions did not warrant equitable tolling, noting an inmate must explain with specificity how the alleged conditions actually hindered his efforts to pursue his claims within the statute of limitations); *Howard v. United States*, No. 4:20-cv-1632 JAR, 2021 WL 409841, at *2 (E.D. Mo. Feb. 5, 2021) (rejecting assertion that COVID-19 pandemic prevented movant from fully presenting his case because "movant makes no effort to demonstrate that he has been diligently pursuing his rights" and "does not claim to have taken any action to pursue his rights").   To timely file a petition, Petitioner was not required to provide extensive legal analysis of his claims.   Rather, he was merely expected to state his grounds and identify specific facts supporting them, rather than to argue or cite case law.   *See Farley v. Director, TDCJ-CID*, No. 4:21-cv-00676, 2022 WL 2183305, *4 (E.D. Tex. Apr. 20, 2022).

At bottom, Petitioner has offered insufficient facts to establish the rare exceptional circumstances to justify equitable tolling herein.   He makes general assertions that he repeatedly requested and was denied access to the law library, but otherwise fails to demonstrate that he acted with due diligence with respect to his attempts to exhaust his

16

state court remedies and timely file a § 2254 petition.   He provides no specific evidence of when those attempts were made in relation to the conclusion of his direct appeal or within the one-year timeline provided for filing a timely § 2254 petition.   While he describes general difficulties in accessing the prison law library during COVID-19 lockdowns, he fails to provide facts to show that lack of access to the library "actually prevented" him from filing his federal petition. *See Dragasits v. Covello*, No. 3:21-cv-1459-CAB-MDD, 2022 WL 207730, at *8 (S.D. Cal. Jan. 24, 2022) (citing *Chapman-Sexton v. United States*, No. 2:20-cv-03661; 2:16-cr-00141, 2021 WL 292027 at *3 (S.D. Ohio Jan, 28, 2021); *see also Robinson v. Marshall*, 405 Fed. App'x 241, 242 (9th Cir. 2010) (finding equitable tolling unwarranted where petitioner "did not demonstrate how limited access to the library [due to extended prison lockdowns] was the cause of his failure to timely file his petition"); *United States v. Marshall*, No. 5:21-cv- 00072, 5:18-cr-00122-KKC-MAS, 2021 WL 3854469, *3 (E.D. Ky. Aug. 5, 2021) (a general lack of access to legal resources, even during COVID-19 pandemic, does not justify equitable tolling).

Moreover, Petitioner has not asserted circumstances unique to him.   As noted by various courts addressing this issue, all prisoners were subject to similar restrictions with respect to law library access and other legal assistance during the COVID-19 pandemic. *See, e.g., Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (Petitioner's circumstances were not extraordinary as they were no different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols); *Sholes v. Cates*, No. 1:21-cv-01006-DAD-HBK, 2021 WL 5567381, at *4 (E.D. Cal. Nov. 29, 2021), *report and recommendation adopted*, 2022 WL

17

4072862 (E.D. Cal. Sept. 2, 2022) (difficulties and disruptions stemming from prison lockdowns are "conditions of prison life that are no different than those experienced by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. By definition, therefore, such circumstances in themselves are not extraordinary and do not justify equitable tolling.").

Thus, Petitioner has not established that such circumstances were "extraordinary" to him. "[T]he mere fact that a restriction relates to Covid-19 does not automatically convert it into an extraordinary circumstance." *Booker*, 2022 WL 464554, at *3 (citing *United States v. Harris*, 2021 WL 1823109, at *4-5 (E.D. Va. May 6, 2021) (finding that generic claims about COVID-19 restrictions did not warrant equitable tolling). While the pandemic-related restrictions certainly made it more challenging to prepare a timely petition, Petitioner has not sufficiently demonstrated extraordinary circumstances that "actually prevented" him from doing so. *See Delarosa v. Dir., TDCJ-CID*, No. 3:21-cv-2414-D-BK, 2022 WL 850041, at **2-3 (N.D. Tex. Feb. 22, 2022), *report and recommendation adopted sub nom. Delarosa v. Dir., TDCJ-CID*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (collecting cases) (the petitioner presented no evidence that diminished library access "actually prevented" him from filing his federal petition; although it may have been more challenging for him to prepare the habeas petition and mail it, he did not establish that any pandemic-related circumstances prevented its filing). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not sufficiently established the necessary criteria to warrant the rare application of equitable tolling of the § 2254 statute of limitations herein.

**C.     There is no basis for a stay and abeyance herein.**

Petitioner has also requested a stay and abeyance of this federal proceeding while he finishes exhausting his state court remedies.   As noted above, Petitioner's habeas appeal is still pending before the SCAWV.   Thus, he has acknowledged that his claims for relief are unexhausted.   Nonetheless, since Petitioner's § 2254 petition was untimely filed and the undersigned has found no extraordinary circumstances warranting equitable tolling of the statute of limitations, there is no valid basis to grant a stay and abeyance pending state court exhaustion, and the proper action herein is to dismiss Petitioner's § 2254 petition with prejudice.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2254 petition is not timely under 28 U.S.C. § 2244(d)(1) and Petitioner has failed to establish any facts warranting equitable tolling of the statute of limitations to allow this federal court to consider the claims in her petition. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 10) and **DISMISS** Petitioner's § 2254 petition (ECF No. 1) with prejudice.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the

portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to Petitioner, and to transmit a copy to counsel of record.

July 12, 2023

Dwane L. Tinsley
United States Magistrate Judge

20