IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CARL TRAMANE MAGEE,

          Petitioner,

v.                                    CIVIL ACTION NO. 2:22-cv-00103

DONALD F. AMES, *Superintendent*,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

On February 28, 2022, the Petitioner, proceeding *pro se*, filed his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 1).  On November 1, 2022, the *Respondent's Motion to Dismiss § 2254 Petition* (Document 10) was filed.

By *Standing Order* (Document 5) entered on March 3, 2022, the matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On July 12, 2023, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 19) wherein it is recommended that this Court find that the Petitioner's § 2254 Petition is not timely under 28 U.S.C. § 2244(d)(1) and that the Petitioner has failed to establish any facts warranting equitable tolling of the statute of limitations to allow this Court to consider his Petition. The Magistrate Judge further recommends that this Court grant the *Respondent's Motion to Dismiss § 2254 Petition* (Document 10) and dismiss the Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 1) with prejudice.

Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by July 31, 2023. Objections were not timely filed, and on August 3, 2023, the Court entered a *Memorandum Opinion and Order* (Document 20) and *Judgment Order* (Document 22), adopting the PF&R. On August 4, 2023, a letter was docketed in which the Plaintiff referenced a motion for an extension of time to file objections. No such motion appeared on the docket, and the Court entered an *Order* (Document 26) on October 2, 2023, directing him to produce a copy of said motion. He did so, and the Court entered an *Order* (Document 29) on October 12, 2023, vacating the *Memorandum Opinion and Order* (Document 20) and the *Judgment Order* (Document 22) and permitting the Petitioner to file objections by November 10, 2023. The *Petitioner's Objection to the Proposed Findings and Recommendation* (Document 31) was docketed on November 15, 2023, with a Certificate of Service dated November 9, 2023, and a postmark of November 13, 2023.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R fully explored the factual background and procedural history, and the Court provides only a summary of the facts and procedural history relevant to the PF&R and Objections. The Petitioner, Carl T. Magee, was convicted of Felony Murder by Arson and of Burglary by Breaking and Entering on March 8, 2019, in the Circuit Court of Kanawha County, West Virginia. The jury did not recommend mercy, and he was sentenced to life without mercy on the murder conviction and a consecutive 1-15 years on the burglary conviction. The Supreme Court of Appeals of West Virginia affirmed his convictions on July 30, 2020, and his judgment became final on October 30, 2020.

---

[1] Given the date on the Certificate of Service, the Court presumes that Petitioner timely submitted the Objections for mailing.

Mr. Magee filed a pro se Petition for Writ of Habeas Corpus in the Circuit Court of Kanawha County on February 7, 2022, and filed the instant federal § 2254 Petition on February 28, 2022. He requested a stay pending exhaustion of the state proceedings with his initial federal filing. He indicated that he was housed at the Southwestern Regional Jail following his sentencing. Because of COVID-19 lockdowns and capacity restrictions, despite his requests, he was able to access the law library for only a total of about two hours for more than a year. He was placed in Mt. Olive Correctional Complex shortly before he filed his habeas petitions. Although access to the law library at Mt. Olive was limited due to COVID-19 restrictions and staffing shortages, he was able to speak with an inmate legal aide who advised him of the applicable deadlines for filing. He claims that he was not informed of the applicable statutes of limitations by his counsel or the court during his criminal proceedings.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and

3

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The Respondent moved to dismiss on the grounds that the Petitioner's § 2254 Petition was filed outside the statute of limitations and he had failed to present a basis for equitable tolling. The Magistrate Judge found that the motion to dismiss should be granted. The PF&R explains that the one-year limitations period "commenced on or about October 30, 2020 (90 days after the affirmance of his judgment by the [Supreme Court of Appeals of West Virginia] on July 30, 2020)," establishing a deadline for filing a § 2255 Petition by October 30, 2021. (PF&R at 9.) Although the statute of limitations may be tolled while a state petition for collateral relief is pending, Magistrate Judge Tinsley explained that the Petitioner's state petition was filed on February 7, 2022, several months after the federal statute of limitations had expired. The PF&R further found no basis for equitable tolling. It outlines precedent stating that ignorance of the law does not provide a basis for equitable tolling, as well as case law rejecting claims that equitable tolling was justified because of limited access to the law library. The PF&R notes that the Petitioner's contention that he was misled by an incorrect statement in the Final Order Denying Petition for Writ of Habeas Corpus entered by the Circuit Court of Kanawha County, suggesting that the federal statute of limitations had not yet begun to run, was inconsequential because that opinion was issued well after the statute of limitations had expired. Ultimately, the PF&R concludes that the Petitioner did not put forth sufficient evidence that he pursued his rights diligently and was unable to file within the statutory period due to extraordinary circumstances unique to him.

In addition to arguments about the strength of his claims on the merits, which the Court will not address here, the Petitioner contends that the Magistrate Judge erred in finding that he should be denied equitable tolling of the statute of limitations. He argues that he should not be held to a higher standard than the Kanawha County Assistant Prosecuting Attorney, who submitted the state Circuit Court order incorrectly stating that the federal statute of limitations had not yet begun to run.[2] He argues that COVID-19 restrictions established by the government created an impediment outside his control and constitute extraordinary circumstances that prevented him from filing within the statute of limitations. He emphasized that he repeatedly requested access to the law library at Southwestern Regional Jail in an effort to conduct legal research necessary to prepare to file. However, he had access to the law library for a total of two hours the entire year. He indicates that he was transferred from Southwestern to Mt. Olive on October 14, 2021, and released to the mainline population on November 2, 2021. Although restrictions continued to inhibit progress, he had some access to the law library and to an inmate legal aide beginning on November 11, 2021. He argues that he demonstrated due diligence by continuously seeking access to facilities to further his action and by diligently "pursuing his rights since he became aware of them." (Obj. at 17.) He notes that he took advantage of the brief visits to the law library allowed him at Southwestern, and immediately accessed the law library and a legal aide upon his arrival at Mt. Olive. Thus, he contends that he is entitled to equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[2] Because the statute of limitations had already expired, absent tolling, when the order was entered, the Court has not addressed it in analyzing the availability of equitable tolling. However, evidence related to when the misstatement regarding the § 2254 statute of limitations was made and whether it originated with the court or with the state could be relevant should future questions regarding waiver or estoppel arise.

5

custody pursuant to the judgment of a State court," which runs, as applicable here, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotation marks and citations omitted). The extraordinary circumstances must be "beyond [the petitioner's] control or external to his own conduct" and must have "prevented him from filing on time." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023).

In *Holland*, the Supreme Court found that equitable tolling could be available where the petitioner was represented by counsel, who failed to respond to repeated letters regarding the status of his state habeas petition and his desire to file a federal petition, the petitioner had sought unsuccessfully to have his counsel removed, and the petitioner promptly filed his own habeas petition as soon as he discovered that the AEDPA statute of limitations had expired. *Holland*, 560 U.S. at 653. In *Justus*, the Fourth Circuit found that equitable tolling could be available where the petitioner's serious mental illness constituted an extraordinary circumstance that "render[ed] him unable to comply with the filing deadline." *Justus*, 78 F.4th at 114 (remanding for an evidentiary hearing to determine the truth of the petitioner's allegations related to his mental illness and ability to file).

The PF&R cited several cases rejecting requests for equitable tolling based on the COVID-19 pandemic and limited access to the law library. Those cases found that "general claims of

prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic alone are insufficient to amount to the 'extraordinary circumstances' required to entitle an inmate to equitable tolling." *Dragasits v. Covello*, No. 3:21-CV-1459-CAB-MDD, 2022 WL 207730, at *7 (S.D. Cal. Jan. 24, 2022), *certificate of appealability denied*, No. 22-55193, 2023 WL 9691521 (9th Cir. May 12, 2023) (finding explanation of difficulties accessing resources insufficiently specific, and noting that lockdowns ended in the prison several months before the statute of limitations expired); *see also Howard v. United States*, No. 4:20-CV-1632 JAR, 2021 WL 409841, at *3 (E.D. Mo. Feb. 5, 2021) (noting several months prior to the asserted lockdown in which the petitioner could have prepared his claims); *Booker v. Clarke*, No. 3:21CV212 (DJN), 2022 WL 464554, at *4 (E.D. Va. Feb. 15, 2022) (noting that the petitioner filed a state habeas petition during the asserted period of lockdowns and did not file his federal petition for several months after lockdowns had ended). A review of those cases reveals a fact-specific analysis of circumstances facing each petitioner: when lockdowns began and ended in relation to the one-year filing period, what level of access to the law library and other legal resources existed during the lockdowns, whether the petitioner filed other legal matters during the filing period, and any other relevant issues. *Cf. Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) ("Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'") (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

      The Court finds that the facts asserted by the Petitioner set this case apart from those cited in the PF&R and others addressing the impact of restrictions related to the COVID-19 pandemic on the ability of inmates to file timely habeas claims. Mr. Magee was held in the Southwestern Regional Jail for the entirety of the one-year period between his direct appeal becoming final and his AEDPA statute of limitations expiring. He indicates that he was transferred to Mt. Olive on

October 14, 2021, and released to general population on November 2, 2021—a few days after his October 30, 2021, filing deadline. He also contends that he had essentially *no* access to the law library, receiving only two 1-hour visits to the law library for more than a year, a period that encompassed the entirety of the filing period. He asserts that he has documented mental health issues that further limited his ability to file. The Court finds that the alleged complete lack of access to legal resources, if borne out by the evidence, is sufficient to constitute an extraordinary circumstance preventing timely filing of the Petition.

Mr. Magee has also asserted facts that could show his diligence. He indicates that he repeatedly sought access to the law library. The Petition was filed relatively quickly after he was transferred to Mt. Olive, despite continuing limitations on access to legal resources.[3] He secured the assistance of a legal aide about a week after he arrived at Mt. Olive and filed both his state and federal petitions within three to four months. In contrast to some of the cases discussed in the PF&R, there is no indication that he completed other legal filings prior to the October 30, 2021 filing deadline, and he did not have the benefit of a previously-filed state habeas petition that could provide a basis for drafting a federal petition. Section 2254 cases tend to be relatively technical, in contrast to constitutional tort claims often filed by inmates that may be based primarily on the plaintiff's factual account of an incident that caused an injury. A pro-se litigant could not realistically formulate a petition without conducting legal research to explore potential grounds for relief and the applicable legal standards.

---

[3] Indeed, the restrictions Mr. Magee describes at Mt. Olive appear to be more consistent with those described in prior cases finding that COVID-19-related restrictions on access to law libraries and other resources did not constitute exceptional circumstances, in contrast to the almost complete lack of access asserted at Southwestern Regional jail. It is not unreasonable to expect a petitioner exercising due diligence to file within a year despite occasional lockdowns and capacity limitations on library access. The Court finds that it would be unreasonable to expect a pro-se litigant to file without any access to legal materials or ability to conduct legal research at any point during the year.

8

The Respondent sought dismissal prior to discovery, and the factual record surrounding resources available to Mr. Magee is not well-developed. The record does not contain information on what legal resources, if any, were provided to inmates while the law library was unavailable. Mr. Magee has indicated that he was permitted to use the law library for only two hours during the entire year. If the evidence bears out his assertion, the Court finds that it could be sufficient to establish that he is entitled to equitable tolling.[4] Therefore, the Court sustains his objection to the recommendation that his petition be dismissed based on the expiration of the statute of limitations.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Petitioner's Objection to the Proposed Findings and Recommendation* (Document 31) be **SUSTAINED** to the extent it objects to the recommendation that the claim be dismissed because the statute of limitations had expired. The Court further **ORDERS** that the *Respondent's Motion to Dismiss § 2254 Petition* (Document 10) be **DENIED**, and that this matter be **REFERRED** to Magistrate Judge Tinsley for further proceedings.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented party.

ENTER: March 7, 2024

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] The Court recognizes that there could be other relevant evidence that would indicate that he did have access to legal resources or information that would have enabled filing prior to expiration of the statute of limitations or that calls into question his diligence. However, he has set forth allegations sufficient to overcome a motion to dismiss on an affirmative defense.